IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | |
| ) | |
| BEDFORD ENVIRONMENTAL SERVICES, LLC ) | |
| (d/b/a Ohio Reclamation and Waste Services, LLC) ) | |
| ) | |
| and ) | |
| ) | |
| KRICK ROAD HOLDINGS, LLC ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General, through its undersigned attorneys, and at the request of the Administrator of the United States Environmental Protection Agency (EPA), hereby files this Complaint and alleges the following:

### I.   PRELIMINARY STATEMENT

1.     This is a civil action brought pursuant to Section 3008 of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6928, against Defendants Bedford Environmental Services, LLC (d/b/a Ohio Reclamation and Waste Services, LLC) and Krick Road Holdings, LLC (collectively Defendants) with respect to a hazardous waste and solvent reclamation facility located in Bedford, Ohio (Bedford Facility).

## II. JURISDICTION, VENUE AND AUTHORITY

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 3008(a)(1) and (g) of RCRA, 42 U.S.C. §§ 6928(a)(1) and (g); and 28 U.S.C. §§ 1331, 1345 and 1355. The Court has personal jurisdiction over the Parties.

3. Venue is proper in this judicial district pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. §§ 6928(a) and (g); and 28 U.S.C. §§ 1391(b) and (c), 1395(a) because Defendants are located in this judicial district and the violations alleged herein occurred within this district, at the Bedford Facility.

4. Authority to bring this action is vested in the United States Department of Justice pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a); and 28 U.S.C. §§ 516 and 519.

5. Notice of commencement of this action has been given to the State of Ohio pursuant to 42 U.S.C. § 6928(a)(2).

## III. PARTIES

6. Plaintiff is the United States of America, acting at the request of the United States Environmental Protection Agency, an agency of the United States.

7. Defendant Bedford Environmental Services, LLC (Bedford) is a corporation organized under the laws of the State of Delaware.

8. Defendant Krick Road Holdings, LLC (KRH) is a corporation organized under the laws of the State of Delaware.

9. Each Defendant is a "person" as defined by Section 1004(15) of RCRA, 42 U.S.C. § 6903(15).

## IV. STATUTORY AND REGULATORY FRAMEWORK

10. Congress enacted RCRA on October 21, 1976, to amend the Solid Waste Disposal Act (SWDA) and further amended the SWDA through the Hazardous and Solid Waste

Amendments (HSWA) in 1984 (collectively RCRA). RCRA establishes a "cradle-to-grave" program for regulating the generation, transportation, treatment, storage, and disposal of hazardous waste. *See* 42 U.S.C. § 6901 et seq.

### A.     RCRA Permitting Requirements

11.     At all relevant times herein, Section 3005(a) of RCRA, 42 U.S.C. § 6925(a), has prohibited the treatment, storage, or disposal of hazardous waste except in accordance with a permit. *See also* 40 C.F.R. § 270.1(b) and (c).

12.     Pursuant to Section 3005 of RCRA, 42 U.S.C. § 6925, EPA has promulgated regulations that set forth permitting requirements for the treatment, storage, and disposal of hazardous wastes which are codified at 40 C.F.R. Part 270.

13.     As part of the HSWA, pursuant to Section 3004(n) of RCRA, 42 U.S.C. § 6924(n), EPA has promulgated regulations for the monitoring and control of air emissions at hazardous waste treatment, storage, and disposal facilities (RCRA Air Emission Regulations) including the Equipment Leak Organic Air Emission Standards for Owners and Operators of Hazardous Waste Treatment, Storage, and Disposal Facilities, effective on December 21, 1990 (55 Fed. Reg. 25,454 -519) and codified at 40 C.F.R. § 264.1030-65, and the Air Emission Standards for Tanks, Surface Impoundments, and Containers, effective on December 6, 1996 (59 Fed. Reg. 62,896 -953) and codified at 40 C.F.R. § 264.1080-90.

14.     Pursuant to Section 3006 of RCRA, 42 U.S.C. § 6926, EPA may authorize a state to administer a state hazardous waste program in lieu of the federal RCRA program when it deems the state program to be equivalent to the federal program. In such cases, the authorized state shall issue the RCRA permits required by Section 3005(a), 42 U.S.C. § 6925(a). 42 U.S.C. § 6926(b).

15. EPA has granted final authorization to the Ohio Environmental Protection Agency (OEPA) to administer its hazardous waste program in lieu of certain parts of the federal program effective June 30, 1989. *See* 40 C.F.R. § 272.1800-01; 54 Fed. Reg. 27,173 (June 28, 1989); 82 Fed. Reg. 43,316 (Sept. 15, 2017).

16. However, EPA has not authorized OEPA to administer the RCRA Air Emission Regulations. *See* 82 Fed. Reg. 43,316 (Sept. 15, 2017). EPA continues to implement those requirements and prohibitions in Ohio, including issuing RCRA permits for air emissions subject to such requirements. *See* 68 Fed. Reg. 3429 (Jan. 24, 2003); 72 Fed. Reg. 61,063 (Oct. 29, 2007); 77 Fed. Reg. 15,966-68 (Mar. 19, 2012); 82 Fed. Reg. 43316 (Sept. 15, 2017). Accordingly, the owners and operators of hazardous waste treatment, storage, and disposal facilities must obtain a RCRA permit from EPA for those processes subject to the requirements and prohibitions set forth in the RCRA Air Emission Regulations.

**B.    RCRA Air Emissions Regulations**

   *i.    RCRA Subpart BB:  Air Emission Standards for Equipment Leaks*

17. At all relevant times herein, the RCRA Air Emission Regulations, 40 C.F.R. § 264.1050(c), have provided that until owners and operators of facilities that "treat, store, or dispose of hazardous wastes" receive a permit pursuant to Section 3005 of RCRA that incorporates the requirements of 40 C.F.R. § 264.1050-65, such owners and operators are subject to the Air Emission Standards for Equipment Leaks codified at 40 C.F.R. Part 265 Subpart BB, 40 C.F.R. § 265.1050-1064 (RCRA Subpart BB).

18. At all relevant times herein, RCRA Subpart BB has applied to "equipment that contains or contacts hazardous wastes with organic concentrations of at least 10 percent by weight that are managed in . . . (1) A unit that is subject to the permitting requirements of

40 CFR part 270." 40 C.F.R. § 265.1050(b). Definitions for RCRA Subpart BB are set forth at 40 C.F.R. § 264.1051 (incorporated by reference into RCRA Subpart BB, 40 C.F.R. § 265.1051).

19. At all relevant times herein, RCRA Subpart BB has required the owners/operators of facilities subject to RCRA Subpart BB to adhere to the following requirements relevant to this Complaint.

    a. Monitor subject equipment for leaks in equipment in compliance with Reference Method 21 as set forth in 40 C.F.R. Part 60. 40 C.F.R. § 265.1063(b)(1). The monitoring instrument must be calibrated using zero air (less than 10 ppm hydrocarbon in air) and a mixture of methane or n-hexane and air at a concentration of approximately, but less than, 10,000 ppm methane or n-hexane. 40 C.F.R. § 265.1063(b)(4).

    b. Record certain information for each piece of equipment subject to RCRA Subpart BB. 40 C.F.R. § 265.1064(b).

    c. Mark each piece of equipment to which RCRA Subpart BB applies in a manner that allows it to be readily distinguished from other pieces of equipment. 40 C.F.R. § 265.1050(c).

    d. Monitor pumps and valves monthly for leaks by specified methods and visually inspect each pump weekly for indications of liquids dripping from the pump seal. 40 C.F.R. §§ 265.1052(a), 1057(a).

> ii. *RCRA Subpart CC: Air Emission Standards for Tanks, Surface Impoundments, and Containers*

20. At all relevant times herein, the RCRA Air Emission Regulations, 40 C.F.R. § 264.1080(c), provide that until owners and operators of facilities that "treat, store, or dispose of hazardous wastes" receive a permit pursuant to Section 3005 of RCRA that incorporates the requirements of 40 C.F.R. § 264.1080-1090, such owners and operators are subject to the Air

Emission Standards for Tanks, Surface Impoundments, and Containers which are codified at 40 C.F.R. Part 265 Subpart CC, 40 C.F.R. § 265.1080-90 (RCRA Subpart CC).

21. At all relevant times herein, RCRA Subpart CC has applied to owners and operators of all facilities that treat, store, or dispose of hazardous waste in tanks, surface impoundments, or containers subject to either subpart I, J, or K of 40 C.F.R. Part 265. The requirements in 40 C.F.R. Part 265 Subpart K apply to "facilities that use tank systems for storing or treating hazardous waste." 40 C.F.R. § 265.190.

22. At all relevant times herein, RCRA Subpart CC required the owners/operators of facilities subject to RCRA Subpart CC to comply with the following requirements that are relevant to this Complaint.

    a. Measure the maximum organic vapor pressure in each tank using a waste stream that is representative of the hazardous waste composition stored or treated in the tank. *See* 40 C.F.R. §§ 265.1084(c)(2), 1085(b) and (c).

    b. Maintain records for subject tanks including a record for each inspection and determination of maximum organic vapor pressure required by 40 C.F.R. § 265.1085(b) and (c). 40 C.F.R. § 265.1090(b).

**C.    RCRA Enforcement Provisions**

23. Section 3008(g) of RCRA, 42 U.S.C. § 6928(g), authorizes civil penalties of up to $25,000 per day for each violation of RCRA or the regulations promulgated thereunder. This statutory maximum civil penalty has been increased to reflect inflation pursuant to the Federal Civil Penalties Inflation Adjustment Act (28 U.S.C. § 2461), as amended, to $72,718 per day per violation for each violation occurring after November 2, 2015. *See* 73 Fed. Reg. 75,340-46 (Dec. 11, 2008); 78 Fed. Reg. 66,643-48 (Nov. 6, 2013); 81 Fed. Reg. 43,095 (July 1, 2016);

82 Fed. Reg. 3633 (Jan. 12, 2017); 83 Fed. Reg. 1190 (Jan. 10, 2018), all codified at 40 C.F.R. Part 19.

24. Pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), any person who violates any requirement of Subchapter II of RCRA or the regulations promulgated thereunder may be liable for appropriate relief, including a temporary or permanent injunction.

V. GENERAL ALLEGATIONS

25. The Bedford Facility is located at 7013 Krick Road in Bedford, Ohio.

26. From at least November 23, 2017 through the present, Defendant KRH has been the "owner" and Defendant Bedford the "operator" of the Bedford Facility within the meaning of RCRA and the regulations promulgated thereunder including RCRA Subparts BB and CC. *See* 42 U.S.C. §§ 6924, 6925, 40 C.F.R. §§ 264.1, 264.1050-90, 265.1, 265.1050-91, 270.1-5.

27. During the time period that Defendants have owned and operated the Bedford Facility, it has engaged in the "treatment," "storage" and/or "disposal" of "hazardous wastes" within the meanings of Sections 1004 and 3005 of RCRA, 42 U.S.C. §§ 6903(3), (5), (33), (34) and 6925(a), and regulations promulgated thereunder including 40 C.F.R. Parts 264, 265, and 270. *See* 40 C.F.R. §§ 264.1050, 264.1080, 265.1, 265.1050, 265.1080, 270.1, 270.2.

28. On or about December 28, 2006, the prior owner of the Bedford Facility obtained a permit from OEPA pursuant to Ohio Rev. Code Chapter 3734.05(I) of the Ohio Revised Code and Rule 3745-50-51(D) of Ohio Admin. Code that authorized the Bedford Facility to store, treat, and dispose of hazardous wastes subject to requirements under those RCRA regulations that EPA had authorized the State of Ohio to administer.

29. The OEPA permit acquired by the prior owner of the Bedford Facility described in Paragraph 28 above was transferred to Defendants on or about December 7, 2017.

30. EPA has not approved the State of Ohio to administer the regulations under 40 C.F.R. Part 264, Subparts BB or CC, or 40 C.F.R. Part 265, Subparts BB or CC. *See* 82 Fed. Reg. 43,316 (Sept. 15, 2017).

31. The permit issued by OEPA described in Paragraph 28 above for the Bedford Facility does not authorize the storage, treatment, or disposal of hazardous wastes subject to regulation under RCRA Subparts BB or CC (40 C.F.R. §§ 264.1050-1090, 265.1050-090) nor does it include requirements pertaining to air emissions from equipment leaks or tanks that are set forth in RCRA Subparts BB or CC (40 C.F.R. §§ 264.1050-1090, 265.1050-090).

32. During the time period that Defendants have owned and operated the Beford Facility, the Bedford Facility has had pumps and valves that constitute "equipment" within the meaning of RCRA Subpart BB (*see* 40 C.F.R. § 264.1031 (incorporated by reference into 40 C.F.R. § 265.1051)) that contains or contacts hazardous wastes with organic concentrations of at least 10 percent by weight that are managed in a unit that is subject to the permitting requirements of 40 CFR Part 270. As such, these pumps and valves are subject to the requirements of RCRA Subpart BB. *See* 40 C.F.R. §§ 264.1050(b), 265.1050(b).

33. During the time period that Defendants have owned and operated the Beford Facility, the Bedford Facility has used tanks to treat, store, and/or dispose of hazardous wastes. As such, these tanks are subject to the requirements of RCRA Subpart CC. *See* 40 C.F.R. §§ 264.1080, 265.1080.

34. The violations alleged herein are based on information obtained in a September 2012 EPA inspection of the Bedford Facility, and information provided by the Defendants and the prior owners/operators of the Bedford Facility.

## FIRST CLAIM FOR RELIEF

### Claim Against Defendants
### for Treatment, Storage, and/or Disposal of Hazardous Wastes
### Without a Federally-issued RCRA Permit

35. The allegations in Paragraphs 1 through 34 are re-alleged and incorporated by reference as if fully set forth herein.

36. At all relevant times herein, Section 3005(a) of RCRA and the regulations promulgated thereunder prohibited the treatment, storage, or disposal of hazardous waste except in accordance with a permit issued pursuant to RCRA. 42 U.S.C. § 6925(a); 40 C.F.R. § 270.1(b) and (c).

37. The permit issued by OEPA for the Bedford Facility described in Paragraph 28 above does not authorize the treatment, storage, or disposal of hazardous wastes subject to regulation under 40 C.F.R. Part 264 Subparts BB and CC, or 40 C.F.R. Part 265 Subparts BB and CC.

38. EPA has not issued any permit for the Bedford Facility authorizing the treatment, storage, or disposal of hazardous wastes subject to regulation under 40 C.F.R. Part 264 Subparts BB and CC, or 40 C.F.R. Part 265 Subparts BB and CC.

39. From at least November 23, 2017 to the present, Defendants have treated, stored, and/or disposed of hazardous wastes subject to regulation under 40 C.F.R. Part 264 Subparts BB and CC, or 40 C.F.R. Part 265 Subparts BB and CC, without authorization by a RCRA permit in violation of Section 3005(a) of RCRA and the regulations promulgated thereunder (42 U.S.C. § 6925(a); 40 C.F.R. §§ 270.1(b) and (c)).

40. As a result of the violations set forth in Paragraph 39 above, pursuant to Section 3008(g) of RCRA, Defendants are liable for civil penalties up to the amounts set forth in Paragraph 23 above.

## SECOND CLAIM FOR RELIEF

### Claim Against Defendants for Failure to Mark Equipment in Violation of RCRA Subpart BB

41. The allegations in Paragraphs 1 through 34 are re-alleged and incorporated by reference as if fully set forth herein.

42. At all relevant times herein, RCRA Subpart BB required Defendants to mark each piece of equipment to which RCRA Subpart BB applies in a manner that allows it to be readily distinguished from other pieces of equipment.  40 C.F.R. § 265.1050(c).

43. On one or more occasions beginning on or about November 23, 2017 through on or about about May 15, 2018, Defendants failed to mark one or more valves and pumps to which RCRA Subpart BB applies in a manner that allowed it to be readily distinguished from other pieces of equipment in violation of RCRA Subpart BB (40 C.F.R. § 265.1050(c)).

44. As a result of the violations set forth in Paragraph 43 above, pursuant to Section 3008(g) of RCRA, Defendants are liable for civil penalties up to the amounts set forth in Paragraph 23 above.

## THIRD CLAIM FOR RELIEF

### Claim Against Defendants for Failure to Monitor for Equipment Leaks in Violation of RCRA Subpart BB

45. The allegations in Paragraphs 1 through 34 are re-alleged and incorporated by reference as if fully set forth herein.

46. At all relevant times herein, RCRA Subpart BB required Defendants to conduct monitoring and inspections of equipment subject to RCRA Subpart BB for leaks at specified frequencies using specified methods including Method 21 as set forth in 40 C.F.R. Part 60. 40 C.F.R. §§ 265.1052(a), 1057, 1063(b).  The monitoring instrument must be calibrated using zero air (less than 10 ppm hydrocarbon in air) and a mixture of methane or n-hexane and air at a concentration of approximately, but less than, 10,000 ppm methane or n-hexane.  40 C.F.R. § 265.1063(b)(4).

47. On one or more occasions beginning on or about November 23, 2017 through on or about May 15, 2018, Defendants failed to monitor and/or inspect one or more pieces of equipment subject to RCRA Subpart BB for leaks in equipment at the required frequencies using specified methods in violation of RCRA Subpart BB (40 C.F.R. §§ 265.1052(a), 1063(b)).

48. As a result of the violations set forth in Paragraph 47 above, pursuant to Section 3008(g) of RCRA, Defendants are liable for civil penalties up to the amounts set forth in Paragraph 23 above.

## FOURTH CLAIM FOR RELIEF

**Claim Against Defendants
for Failure to Record Certain Information
in Violation of RCRA Subpart BB**

49. The allegations in Paragraphs 1 through 34 are re-alleged and incorporated by reference as if fully set forth herein.

50. At all relevant times herein, RCRA Subpart BB required Defendants to record certain information for each piece equipment subject to RCRA Subpart BB.  40 C.F.R. § 265.1064(b).

51. On one or more occasions beginning on or about November 23, 2017 through on or about May 15, 2018, Defendants failed to record the information required by RCRA Subpart

BB for one or more pieces of equipment subject to RCRA Subpart BB, in violation of RCRA Subpart BB (40 C.F.R. § 265.1064(b)).

52. As a result of the violations set forth in Paragraph 51 above, pursuant to Section 3008(g) of RCRA, Defendants are liable for civil penalties up to the amounts set forth in Paragraph 23 above.

## FIFTH CLAIM FOR RELIEF

### Claim Against Defendants
### for Failure to Determine Maximum Organic Vapor Pressure in Tanks
### in Violation of RCRA Subpart CC

53. The allegations in Paragraphs 1 through 34 are re-alleged and incorporated by reference as if fully set forth herein.

54. At all relevant times herein, RCRA Subpart CC required Defendants to measure the maximum organic vapor pressure in each tank using a waste stream that is representative of the hazardous waste composition stored or treated in the tank. *See* 40 C.F.R. §§ 265.1084(c)(2), 1085(b) and (c).

55. On one or more occasions beginning on or about November 23, 2017 through on or about March 22, 2018, Defendants failed to measure the maximum organic vapor pressure in one or more tanks subject to RCRA Subpart CC using a waste stream that is representative of the hazardous waste composition stored or treated in the tank in violation of RCRA Subpart BB (40 C.F.R. §§ 265.1084(c)(2), 1085(b) and (c)).

56. As a result of the violations set forth in Paragraph 55 above, pursuant to Section 3008(g) of RCRA, Defendants are liable for civil penalties up to the amounts set forth in Paragraph 23 above.

## SIXTH CLAIM FOR RELIEF

### Claim Against Defendants
### for Failure to Maintain Records
### in Violation of RCRA Subpart CC

57. The allegations in Paragraphs 1 through 34 are re-alleged and incorporated by reference as if fully set forth herein.

58. At all relevant times herein, RCRA Subpart CC required Defendants to prepare and maintain for three years records for tanks subject to RCRA Subpart CC including a record for each initial and annual tank inspection required by 40 C.F.R. § 265.1085. 40 C.F.R. §§ 265.1084(c)(4)(iv) and 1090(b)).

59. Beginning on or about November 23, 2017, Defendants failed to maintain records of inspections for one or more tanks subject to RCRA Subpart CC including a record for each inspection required during the prior three years by 40 C.F.R. § 265.1085 in violation of RCRA Subpart CC (40 C.F.R. §§ 265.1084(c)(4)(iv) and 1090(b)).

60. As a result of the violations set forth in Paragraph 59 above, pursuant to Section 3008(g) of RCRA, Defendants are liable for civil penalties up to the amounts set forth in Paragraph 23 above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Assess against Defendants a civil penalty, and enter judgment against Defendants and in favor of the United States, in an amount up to $72,718 per day per violation for each violation occurring after November 2, 2015.

B. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

*Karen Dworkin* (signature)
KAREN S. DWORKIN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

*Elizabeth L. Loeb* (signature)
ELIZABETH L. LOEB
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-8916

JUSTIN E. HERDMAN
United States Attorney
Northern District of Ohio

/s/ Steven J. Paffilas
STEVEN J. PAFFILAS (Bar No. 0037376)
Assistant United States Attorney
Northern District of Ohio
801 W. Superior Avenue, Suite 400
Cleveland, OH 44113
Telephone: (216) 622-3698
Facsimile: (216) 522-4928
Steven.Paffilas@usdoj.gov